CITY AND COUNTY OF SAN FRANCISCO, Petitioner–Appellee,

v.

ASSESSMENT APPEALS BOARD FOR THE CITY AND COUNTY OF SAN FRANCISCO, No. 1, Respondent,

and

Federal Reserve Bank of San Francisco, Real–Party–in–interest–Appellant.

CITY AND COUNTY OF SAN FRANCISCO, Petitioner–Appellee,

v.

ASSESSMENT APPEALS BOARD FOR THE CITY AND COUNTY OF SAN FRANCISCO, No. 1, Respondent,

and

Federal Reserve Bank of San Francisco, Real–Party–in–interest–Appellant.

Nos. 96–16736, 96–16739.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 1997.

Decided Sept. 10, 1997.

Andrew A. August, Bayer, Everett, August & Belote, LLP, San Francisco, CA, for Appellant.

Claude F. Kolm, Deputy City Attorney, San Francisco, CA, for Petitioner–Appellee.

Before: SCHROEDER and THOMAS, Circuit Judges, and PREGERSON,* U.S. District Judge.

PER CURIAM:

■ This case presents the question of whether a federal reserve bank may remove to federal court a local government's mandamus action concerning imposition of local property taxes against the bank. We conclude that a federal reserve bank has an unqualified right of removal and reverse the district court's order of remand.

I

Property belonging to the Federal Reserve Bank of San Francisco ("the Bank") was assessed by the San Francisco Assessor for the 1993–94 and 1994–95 tax years. The Bank appealed these assessments to the San Francisco Assessment Appeals Board.

The Board heard both appeals on the same day. The Assessor requested a continuance because the independently contracted appraiser had refused to appear, allegedly due to a dispute about payment for past work. The Board refused to grant the continuance, and ruled in favor of the Bank on both appeals.

The City and County of San Francisco ("San Francisco") filed petitions for writs of administrative mandate to set aside the decisions and to enter decisions upholding the Assessor's original property valuations, or to remand the case to the Board for a new hearing. San Francisco alleges that Board

---

* Honorable Dean D. Pregerson, United States District Court for the District of Central California, sitting by designation.

erred in refusing the continuance request, in making the new valuation of the property, and in prohibiting the introduction of certain evidence regarding the property value.

As the real party in interest, the Bank removed the two actions to the district court, pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1441(b). The two actions were determined to be related under local rule 3–12.

San Francisco filed a motion to remand the two actions, relying upon the Tax Injunction Act, principles of comity, and the *Burford* abstention doctrine. Citing comity concerns, the district court granted the motion to remand. The Federal Reserve Bank timely appealed.

■ The district court's interpretation of a statute is a question of law which we review de novo. *Parravano v. Babbitt,* 70 F.3d 539, 543 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2546, 135 L.Ed.2d 1066 (1996).

## II

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.,* —— U.S. ——, 116 S.Ct. 1712, 1720, 135 L.Ed.2d 1 (1996).

Federal jurisdiction to hear the instant case was explicitly granted by 12 U.S.C. § 632, which provides:

Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

Section 632 provides a broad grant of jurisdiction. By enacting section 632, "Congress has made it plain by express statute that a federal reserve bank is to have unrestricted access to the district courts.... 12 U.S.C. § 632 is written in the broadest possible language[;] ... It was doubtless the intention of Congress to grant full right of recourse to the federal courts to these institutions, which had become important agencies of the federal government in its control of banking and currency." *Federal Reserve Bank of Boston v. Commissioner,* 499 F.2d 60, 63 (1st Cir.1974) (internal quotations omitted).

The strong, unequivocal language of section 632 providing a federal forum to federal reserve banks confronts a potential impediment in the form of Tax Injunction Act. The Tax Injunction Act states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This statute poses a "broad jurisdictional barrier." *Arkansas v. Farm Credit Servs.,* —— U.S. ——, 117 S.Ct. 1776, 1779, 138 L.Ed.2d 34 (1997).

■ We conclude that the Tax Injunction Act does not override the federal forum provisions of section 632. First, to conclude to the contrary would be to repeal a statute by implication. Although the Tax Injunction Act postdates enactment of section 632, the Tax Injunction Act does not explicitly refer to section 632 nor does it have language indicating effectiveness notwithstanding any other provision of law. Thus, a conclusion that the Tax Injunction Act negated the federal forum provisions of section 632 can only be drawn if those provisions were repealed by implication. "It is, of course, a cardinal principle of statutory construction that repeals by implication are not favored." *United States v. United Continental Tuna Corp.,* 425 U.S. 164, 168, 96 S.Ct. 1319, 1322, 47 L.Ed.2d 653 (1976). An implied repeal may only be found if there is an irreconcilable conflict between the two federal statutes at issue. *Matsushita Elec. Indus. Co. v. Epstein,* —— U.S. ——, —— U.S. ——, ——, 116 S.Ct. 873, 881, 134 L.Ed.2d 6 (1996). That is not the case here, for the two statutes may be reconciled.

Second, section 632's provisions have force "[n]ot withstanding any other provision of law." 12 U.S.C. § 632. "[A]ny other provision of law" includes the Tax Injunction Act.

Further, section 632 was amended in 1991, after the enactment of the Tax Injunction Act, without any modification to the unqualified jurisdictional grant of a federal forum to federal reserve banks.

■ Third, even if we were to conclude that the Tax Injunction Act could prevent application of section 632's provisions, the federal instrumentalities exception to the Tax Injunction Act would allow the Bank's suit in federal court. "Though written in absolute terms, the [Tax Injunction] Act does not apply to every state tax case. The courts have recognized a significant exception, the federal instrumentality exception, which allows the United States and its instrumentalities to bring suits on state tax issues in federal court in spite of the Act." *Bank of New England Old Colony, N.A. v. Clark,* 986 F.2d 600, 602 (1st Cir.1993); *see Housing Auth. v. State of Washington,* 629 F.2d 1307, 1310–11 (9th Cir.1980). It is undisputed that for tax purposes a federal reserve bank is a federal instrumentality. *Federal Reserve Bank of Boston,* 499 F.2d at 62.

■ Some federal instrumentalities must join the United States as a party to be eligible for the federal instrumentalities exception. *Arkansas,* —— U.S. at ——–——, 117 S.Ct. at 1781–82. A federal instrumentality does not have to join the United States as a party, however, when a "second federal statute grant[ing] sweeping federal court jurisdiction" exists. *Id.* at 1781. Such a second federal statute exists in section 632 which "is written in the broadest possible language" and evidences Congress's desire for "a federal reserve bank ... to have unrestricted access to the district courts." *Federal Reserve Bank of Boston,* 499 F.2d at 63 (internal quotation omitted). Additionally, the First Circuit has held that federal reserve banks do not need to join the United States as a party to be exempt from the Tax Injunction Act. *Id.* at 62–64. Therefore, we conclude that a federal reserve bank does not have to join the United States as a party to

invoke the federal instrumentality exception to the Tax Injunction Act.[1]

■ San Francisco argues that the federal instrumentality exception is available only when the case involves questions of constitutionality, which do not exist here. We disagree. Although the original articulation of the federal instrumentalities exception mentions constitutional issues, the rationale for the exception did not depend on the existence of constitutional issues. *Department of Employment,* 385 U.S. 355, 358, 87 S.Ct. 464, 466, 17 L.Ed.2d 414 (1966) ("[W]e hold that the Red Cross is an instrumentality of the United States for purposes of immunity from state taxation levied on its operations, and that this immunity has not been waived by congressional enactment."). In keeping with a broader understanding of the federal instrumentalities exception, several articulations of the exception do not limit it to issues of constitutionality. *E.g., Bank of New England,* 986 F.2d at 602; *Ashton v. Cory,* 780 F.2d 816, 820 (9th Cir.1986). Moreover, the most recent Supreme Court description of the exception does not limit it to constitutional issues. "The [Tax Injunction] statute does not constrain the power of federal courts if the United States sues to protect itself or its instrumentalities from state taxation." *Arkansas,* —— U.S. at ——, 117 U.S. at 1778.

### III

■ The district court and San Francisco rely on the principles of comity for the proposition that the suit should be remanded to state court. Under the principles of comity, federal courts of equity should exercise their discretionary power with proper consideration for the independence of state government in carrying out its governmental functions. *Freehold Cogeneration Assocs. v. Board of Regulatory Comm'rs,* 44 F.3d 1178, 1187 n. 6 (3d Cir.1995). However, comity is a doctrine of discretionary abstention. *Id.* "[W]here important federal interests are at

1. Contrary to San Francisco's assertions, *Housing Auth. v. State of Washington,* 629 F.2d 1307 (9th Cir.1980) is not to the contrary because the Court explicitly did not reach this issue. "Even were this Court to agree with the First Circuit that there are certain federal instrumentalities which can sue without joinder of the United

States (*a question we need not reach*), a public housing agency is plainly not the kind of federal instrumentality ... whose role and position in the federal government structure would militate in favor of allowing suit in federal court on its own." *Id.* at 1311 (footnote omitted, emphasis added).

stake . . ., comity yields." *United States v. Gillock,* 445 U.S. 360, 373, 100 S.Ct. 1185, 1193, 63 L.Ed.2d 454 (1980). Section 632 created just such a federal policy imperative. Because a federal reserve bank has an unfettered right under section 632 to defend in federal court, the district court lacked discretion to remand the case back to state court on the basis of comity.

### CONCLUSION

San Francisco's motion to strike is DENIED. The motion to augment the record, filed by the Federal Reserve Bank, is GRANTED. The judgment of the district court is REVERSED AND REMANDED.